865 F.2d 1262
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Davis YANCEY, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 88-3070.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1988.
Decided: Dec. 15, 1988.
Rehearing and Rehearing In Banc Jan. 12, 1989.
 
 Lloyd Foster Sammons, for appellant.
 Edward Frederick Rodriguez, Jr., USAFR (Steven J. Pecinovsky, USAF, Trial Attorney, Office of the Judge Advocate General; Henry E. Hudson, United States Attorney, Barbara Ward, Assistant United States Attorney, on brief), for appellee.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Davis Yancy appeals from the district court judgment affirming the bankruptcy court refusal to stay military discharge proceedings against him. We affirm.
 
 I.
 
 2
 Prior to his discharge Yancy was a United States Air Force staff sergeant assigned to the Air Force Intelligence Service at Fort Belvoir, Virginia. His assigned duties included maintaining classified files. To accomplish these duties he had a restricted top secret security rating.
 
 
 3
 Yancy developed financial problems, which were evidenced by his misusing monies advanced to him to pay for moving expenses, borrowing money from noncommissioned and commissioned officers, writing bad checks, and misrepresenting his financial condition to his superiors. When these matters became of concern to his superiors in November 1985, Yancy lost his security rating and was reassigned as a driver. His financial problems continued, and ultimately Yancy's superiors sought his discharge under an Air Force regulation defining financial irresponsibility as a form of unsatisfactory performance. On February 11, 1987 Yancy was informed that an Administrative Discharge Board would convene on February 19.
 
 
 4
 Yancy filed for bankruptcy on February 17, 1987. After the Board concluded its hearing, but before it reached its decision, Yancy moved the bankruptcy court to stay the Board proceedings under the automatic stay provision of 11 U.S.C.A. Sec. 362 (West 1979 & Supp.1988). The bankruptcy court denied the motion on the ground that the Board proceedings were exempt from the stay, pursuant to section 362(b)(4), as proceedings under the government's police or regulatory power. Yancy was discharged from the Air Force on September 15, 1987 and the district court affirmed the bankruptcy court order on January 29, 1988.
 
 II.
 
 5
 Section 362(a)(1) provides that the filing of a bankruptcy petition automatically stays "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the [filing of the bankruptcy petition], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." The filing of a bankruptcy petition, however, does not operate as a stay "of the commencement or continuation of an action or proceedings by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C.A. Sec. 362(b)(4).
 
 
 6
 Yancy argues that the stay provision of section 362(a)(1) operates to stay an Air Force discharge proceeding where the ground for the discharge is financial irresponsibility. He further asserts that even if the Air Force could have gone forward with his discharge proceeding, it could have proceeded only after obtaining relief from the automatic stay in the bankruptcy court.
 
 
 7
 The bankruptcy and district courts correctly held that the discharge of unsatisfactory personnel from the armed services is within the government's police or regulatory power. See In re Hanson, 71 Bankr. 193, 194 (Bankr.E.D.Wis.1987) (maintenance of integrity of state bar "a valid exercise of the state's police or regulatory powers"). And where a governmental body is exercising its police or regulatory power, it is "not required to seek relief from [the] stay ... before commencing or continuing an action." EEOC v. McLean Trucking Co., 834 F.2d 398, 400 n. 2 (4th Cir.1987).
 
 
 8
 Finally, Yancy contends that the Air Force violated its own regulations protecting personnel from adverse action due to filing for bankruptcy. These Air Force regulations do not apply to Yancy, however, because he was not discharged for filing for bankruptcy, but rather for making misrepresentations to superiors, passing bad checks, lowering moral, and being a security risk.
 
 
 9
 AFFIRMED.